# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEX JAMES BERGERON,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-0002 |
| GREAT LAKES DREDGE AND<br>DOCK COMPANY,<br>    Defendant | SECTION: "E" (2) |

## ORDER AND REASONS

Before the court is a motion *in limine* filed by Plaintiff Tex James Bergeron to exclude the testimony of Defendant Great Lakes Dredge and Dock Company's ("Great Lakes") liability expert, Marc A. Fazioli.[1] Great Lakes opposes this motion.[2] For the reasons that follow, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff Tex James Bergeron alleges he was injured on January 5, 2014, while working on the booster barge ALCO, also known as the R-031.[3] At that time, Plaintiff was employed by Great Lakes as a watch engineer aboard the dredge PONTCHARTRAIN.[4] The ALCO is a support (or "booster") vessel for the dredge PONTCHARTRAIN.[5] Plaintiff alleges that freezing rain and wind caused him to slip and fall on the ALCO's icy deck.[6] Bergeron alleges his injuries are the result of Great Lakes's negligence and the unseaworthiness of the ALCO.[7]

---

[1] R. Doc. 14. Plaintiff originally filed his Motion in Limine as R. Doc. 13 but subsequently replaced that motion with this Amended Motion.
[2] R. Doc. 18.
[3] R. Doc. 1.
[4] R. Doc. 14-6 at 3.
[5] R. Doc. 1.
[6] *Id.*
[7] R. Doc. 1 at 4-5.

Defendant's liability expert, Marc. A. Fazioli, provided his expert report on January 15, 2018.[8] In his report, Fazioli opines,

> Mr. Bergeron himself was responsible for monitoring the conditions and safety of the Barge R-031 deck, including obtaining and spreading ice melt or rock salt as necessary to prevent the accumulation of ice on the deck. It was not the direct responsibility of personnel on board Dredge PONTCHARTRAIN to monitor the deck conditions of the Barge R-031, which was located some distance away from the dredge. In addition, we are of the opinion that Mr. Bergeron was directly responsible for monitoring his own safety while transiting the decks of Barge R-031, including avoiding stepping onto ice accumulations.[9]

Fazioli further opines, "neither Great Lakes, Barge R-031, nor Dredge PONTCHARTRAIN violated any regulations, requirements, nor industry customary practices and procedures . . . the alleged incidents, if they occurred as testified to by Mr. Bergeron, could have been avoided by actions and decisions of Mr. Bergeron alone."[10] Fazioli also offers the opinion "that the icy conditions present on board Barge R-031 on 5th January 2014 were easily predictable given the recent weather conditions."[11]

Plaintiff moves to exclude the testimony of Mr. Fazioli on the grounds that his methodologies and reasoning are not reliable because he overlooks the negligent acts of Great Lakes which led to the accident and relies on an incorrect application of maritime law.[12] Defendant opposes the motion and suggests that Plaintiff's arguments would be more appropriately used as fodder for cross-examination.[13]

---

[8] R. Doc. 14-3.
[9] *Id.* at 4.
[10] *Id.* at 5.
[11] *Id.* at 4.
[12] R. Doc. 14.
[13] R. Doc. 18 at 9. Additionally, Defendant mistakenly argues this case is set for a bench trial. *Id.* at 6. To be clear, this case has always been set for a jury trial. Before the reassignment of the case to this section, the matter was set for a trial by jury. R. Doc. 7. The confusion as to whether this case is, in fact, set for a jury trial appears to stem from the order vacating the original scheduling order, which states "IT IS ORDERED that the bench trial of this matter is continued without date." R. Doc. 17. On August 24, 2018, the Court denied as moot Plaintiff's ex parte motion to set the matter for a trial by jury, as the matter was already set as such. R. Doc. 27 (Plaintiff's ex parte motion); R. Doc. 29 (Order denying as moot).

## **LAW AND ANALYSIS**

Federal Rule of Evidence 702 permits an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has reliably applied the principles and methods to the facts of the case."[14] Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether expert testimony is both relevant and reliable.[15] Ultimately, a court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."[16]

While an expert witness is permitted to give his opinions on an "ultimate issue" of fact, assuming he is qualified to do so, he is not permitted to make credibility determinations or offer conclusions of law.[17] Federal Rule of Evidence 704 clarifies that an opinion is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact.[18] However, the Fifth Circuit has repeatedly held that Rule 704 does not authorize experts to render legal opinions or reach legal conclusions.[19] Moreover,

---

[14] FED. R. EVID. 702.
[15] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 597, 592–93 (1993)).
[16] *Daubert*, 509 U.S. at 592-93.
[17] FED. R. EVID. 704.
[18] FED. R. EVID. 704.
[19] *See, e.g., Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009); *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir. 1998); *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *Owen v. Kerr-McGee*, 698 F.2d 236, 239 (5th Cir. 1983); *see also Lackey v. SDT Waste and Debris Servs.*, LLC, No. 11-1087, 2014 WL 3866465, at *7–8 (E.D. La. Aug. 6, 2014) ("It is the job of the Court—not the expert—to instruct the jury on the applicable law). *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[O]ur legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.").

testimony that tells the jury what conclusion to reach or merely states a legal conclusion is not helpful to the jury.[20]

Generally, "questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact."[21] "Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion."[22] As such, expert opinions which overlook certain data are not typically excluded on that basis.[23] Rather, they are admitted to allow the jury to fulfill its role as the proper arbiter of disputes between conflicting opinions.[24] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[25]

Plaintiff argues that the methodology employed by Fazioli is defective.[26] Specifically, Plaintiff points to five acts of Great Lakes's negligence that Fazioli overlooks in forming his opinions.[27] Additionally, Plaintiff argues that Fazioli's opinions contradict

---

[20] *See, e.g., Snap-Drape*, 98 F.3d at 197–98 (noting that certain expert reports improperly contained legal conclusions, which "would be of no assistance in making findings of fact"); *Metrejean v. REC Marine Logistics, L.L.C.*, No. 08-5049, 2009 WL 3062622, at *2 (E.D. La. Sept. 21, 2009) (citing *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("'Expert testimony that consists of legal conclusions cannot properly assist the trier of fact' in understanding evidence or determining facts in issue.")).
[21] *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir.1996); *see also Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009).
[22] *Rosiere*, 2009 WL 982659, at *1 (citing *14.38 Acres of Land*, 80 F.3d at 1077).
[23] *Moss v. Ole South Real Estate, LLC*, 933 F.2d 1300, 1307 (5th Cir. 1991); *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981).
[24] *14.38 Acres of Land*, 80 F.3d at 1077.
[25] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[26] R. Doc. 14.
[27] R. Doc. 14-2 at 13-14. These acts of negligence include: (1) scheduling safety meetings that Plaintiff and other booster crews could not attend; (2) the Multiple Cause Incident Analysis' admission that a contributing cause of the accident was that the booster crew could not take part in a morning meeting discussing the falling temperature; (3) keeping the booster ALCO in such poor condition that Plaintiff and his co-workers had to try to shelter themselves and the vessel's pumps with visqueen; (4) reusing a job safety analysis, in violation of Great Lakes's own accident prevention plan, that did not address the falling termperature; and (5) failing to keep the booster ALCO's deck free of hazards, as required by OSHA and Great Lakes's accident prevention plan. *Id.*

statutory, Jones Act, and general maritime law, interpreting Fazioli's report to opine that Great Lakes had no responsibility to maintain the booster ALCO in a seaworthy condition.[28] Defendant responds that Plaintiff's arguments go to the weight of Fazioli's opinions, not their admissibility.[29]

The Court finds these purported deficiencies in the data underlying Fazioli's opinion may be raised in cross examination but are not grounds for exclusion.[30] The acts of negligence purportedly overlooked by Fazioli in forming his opinion go to the weight of his testimony, not its reliability.[31] Plaintiff fails to demonstrate that Fazioli's testimony will meet the unreliability standard of *Daubert*. While an expert may testify on the standard of care owed by a party, an expert may not opine that a party was negligent or contributorily negligent.[32] Instead, Fazioli may testify on the standard of care for issues within his expertise and whether the parties met that standard.

However, the Court will exercise its discretion under Federal Rule of Evidence 705 to require Fazioli to first testify to the underlying facts, assumptions, and data on which he relied before expressing his opinions.[33] Obviously, the facts or data must comply with Federal Rule of Evidence 703. It is assumed that opposing counsel will vigorously cross-examine Fazioli on the bases for his opinions, including whether his opinions would

---

[28] *Id.* at 14.
[29] R. Doc. 18 at 8.
[30] *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[31] R. Doc. 14-2 at 12-1; *see 14.38 Acres of Land,* 80 F.3d at 1077.
[32] *Kovaly v. Wal-Mart Stores Tx., LLC*, 627 Fed. App'x 288, 291 (5th Cir. 2015) (permitting a qualified expert to testify as to the proper standard of care); *Owen* 698 F. 2d at 240 (preventing an expert from testifying on the legal conclusion of whether the plaintiff was contributorily negligent).
[33] Fed. R. Evid. 705; *See, e.g., U.S. v. Perocier*, 269 F.R.D. 103, 109, 115 (D.P.R. 2009) (finding it is within the court's discretion "to require an expert to testify to the underlying facts and data before giving opinion testimony"); *United States v. Brien*, 59 F.3d 274, 278 (1st Cir 1995); *Univ. of Rhode Island v. A.W. Chesterton Co.*, 2 F.3d 1200, 1218 (1st Cir. 1993).

change if the trier of fact finds the facts to be otherwise. The Court finds this to be the appropriate remedy for Plaintiff's concerns and declines to exclude Fazioli's testimony on this ground.

The Court reminds the parties that an expert is not permitted to give his opinion on legal conclusions to be drawn from the evidence, nor may an expert usurp the role of the Court to instruct the jury on the law.[34] Fazioli does not appear to have any formalized training or particular experience with the law. Fazioli will not be permitted to testify on the applicable law, nor may he give legal conclusions concerning the parties' compliance with the law or legal duties.

Additionally, the Court finds that Fazioli is not qualified to render an opinion that the icy conditions on January 5, 2014 were easily predictable given the recent weather conditions.[35] Fazioli's experience as a ship's officer, tankerman, captain, maritime instructor, marine surveyor, and consultant do not qualify him to opine on meteorological conditions. Additionally, such testimony will not assist the trier of fact, as it is based on common sense rather than any technical or scientific knowledge.[36]

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion *in limine*[37] is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana, this 9th day of October, 2018.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[34] FED. R. EVID. 704; *Owen*, 698 F.2d at 240; *Lackey*, 2014 WL 3866465, at *7–8.
[35] R. Doc. 14-3 at 4.
[36] *See* FED. R. EVID. 702.
[37] R. Doc. 14.