# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEX JAMES BERGERON,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-0002** |
| **GREAT LAKES DREDGE AND DOCK COMPANY,**<br>    Defendant | **SECTION: "E" (2)** |

## ORDER

On September 3, 2019, Defendant Great Lakes Dredge & Dock Co. filed a Motion *in Limine* to Exclude Certain Opinions of Robert E. Borison.[1] Plaintiff Tex Bergeron opposes this motion.[2] Defendant filed a reply.[3]

Defendant seeks to exclude the fourth opinion included in Borison's expert report regarding "cold stress monitoring." In his fourth opinion, Borison opines:

> It is my opinion based on my education, training and experience that the crew aboard the ALCO[4] should have been monitored for cold stress as required by GLDD's N. HEAT/COLD STRESS section of their ACCIDENT PREVENTION PLAN, when the temperature was predicted to fall below 25 F.[5]

In rendering his fourth opinion, Borison relies upon a U.S. Army Corps of Engineers' safety manual and a section of Defendant's Accident Prevention Plan.

The U.S. Army Corps of Engineers' safety manual upon which Borison relies in rendering his fourth opinion was not in effect at the time of the alleged accident. Accordingly, Borison will not be allowed to rely upon this safety manual to support his fourth opinion. Further, the Defendant's Accident Prevention Plan cited by Borison

---

[1] R. Doc. 57.
[2] R. Doc. 67.
[3] R. Doc. 69.
[4] The Booster ALCO ("the ALCO") is the Booster barge supporting the dredging operations conducted by the Dredge PONCHARTRAIN where Plaintiff was allegedly injured.
[5] R. Doc. 57-2.

1

relates to cold-related *illnesses* and is therefore irrelevant to this matter. Accordingly, Borison will not be allowed to base his fourth opinion on the Accident Prevention Plan.

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify at trial if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue," so long as "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[6] Plaintiff intends to call Borison as a "[l]iability expert who will testify about his findings, safety issues, and all responsibility and liability issues in this matter, as rendered in report and discovery, and to respond to the reports of defense experts."[7] Borison describes himself as a "safety professional" with "over 50 years of safety experience in the industries relating to . . . marine" and "expertise relating to safety issues on production platforms, barges, . . . and vessels/boats . . ."[8] Defendant does not argue Borison is unqualified to testify as a safety expert, but rather contends "cold stress monitoring" is outside Borison's area of expertise.[9]

Rule 702 permits maritime safety experts, such as Borison, to render "opinions about safety procedures on the vessel," or in this case, the Booster barge.[10] Qualified maritime safety experts can therefore testify as to the safety procedures a vessel or barge should have in effect. The Court finds Borison to be qualified as an expert on safety procedures and protocols for vessels and barges. Defendant's challenge to Borison's

---

[6] Fed. R. Evid. 702.
[7] R. Doc. 77 at 20.
[8] R. Doc. 57-2 at 2.
[9] R. Doc. 57-1 at 1.
[10] *See Carbo v. Chet Morrison Services, LLC*, Civil Action No. 12–3007, 2013 WL 5774948, at *5 n.7 (E.D. La. Oct. 24, 2013).

credentials to testify as to "cold stress monitoring" does not change this result. "The requirement of reliability does not strictly bind an expert within the proffered field of expertise; an expert may also testify concerning related applications of his or her background."[11] Moreover, "[t]he strength of Borison's credentials goes to the weight of his testimony and not its admissibility."[12]

**IT IS ORDERED** that Defendant's motion *in limine* is **GRANTED IN PART** and **DENIED IN PART**. Borison will be allowed to testify as to his fourth opinion that Defendant should have monitored the crew aboard the ALCO for cold stress, based on Borison's experience and expertise as a safety expert. Borison will not be allowed to rely on the U.S. Army Corps of Engineers' safety manual or Defendant's Accident Prevention Plan in testifying as to his fourth opinion.

**New Orleans, Louisiana, this 16th day of October, 2019.**

                                        **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[11] *Dean v. Sea Supply, Inc.*, Civil Action No. 16-14254, 2017 WL 3773149, at *4 (E.D. La. Jul. 13, 2017) (citing *Slatten, LLC v. Royal Caribbean Cruises Ltd.*, No. 13-673, 2014 WL 5393341, at *2 (E.D. La. Oct. 23, 2014)).
[12] *Delta Towing, L.L.C. v. Justrabo*, 2009 WL 3763868, at *4 (E.D. La. Nov. 9, 2009) (citing *Curry v. ENSCO Offshore Co.*, 54 F. App'x 407 (5th Cir.2002) (holding that a safety director was qualified to testify as an expert in marine safety, despite defendant's arguments that the expert was not qualified as a biomechanical engineer or any other relevant discipline)).