# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEX JAMES BERGERON,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-0002 |
| GREAT LAKES DREDGE AND<br>DOCK COMPANY,<br>    Defendant | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is a Supplemental Motion *in Limine* to Exclude Evidence and Testimony Regarding Plaintiff's Lifecare Plan filed by Defendant Great Lakes & Dock Company.[1] Plaintiff filed a response.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**

## BACKGROUND

Plaintiff Tex James Bergeron alleges he was injured on January 5, 2014, while working on the booster barge ALCO, also known as the R-031.[3] At that time, Plaintiff was employed by Great Lakes as a watch engineer aboard the dredge PONTCHARTRAIN.[4] The ALCO is a support (or "booster") vessel for the dredge PONTCHARTRAIN.[5] Plaintiff alleges that freezing rain and wind caused him to slip and fall on the ALCO's icy deck.[6] Bergeron alleges his injuries are the result of Great Lakes' negligence and the unseaworthiness of the ALCO.[7]

---

[1] R. Doc. 96.
[2] R. Doc. 100.
[3] R. Doc. 1.
[4] R. Doc. 14-6 at 3.
[5] R. Doc. 1.
[6] *Id.*
[7] *Id.* at 4-5.

1

On May 10, 2019, Plaintiff's lifecare planner, Jeffrey Peterson, authored a lifecare plan report.[8] Peterson included a drug called "Cymbalta" in the "Medication Costs" section of the lifecare plan.[9] Peterson estimated the total cost of this drug over the remainder of Plaintiff's lifetime to be $89,320.32.[10]

On September 3, 2019, Defendant Great Lakes Dredge & Dock Company filed a Motion *in Limine* to Exclude Certain Evidence and Testimony Regarding Plaintiff's Lifecare Plan.[11] Plaintiff Tex Bergeron opposed this motion.[12] Defendant filed a reply.[13] After Defendant filed this motion *in limine*, Peterson authored an updated lifecare plan substituting a drug called "Trintellix" for Cymbalta under "Medication Costs."[14] Peterson estimates the total cost of Trintellix over the remainder of Plaintiff's lifetime will be $230,522.76.[15] Defendant addressed the updated lifecare plan in its reply.[16] On October 23, 2019, the Court ruled on Defendant's motion *in limine*.[17] The Court ordered, in relevant part:

> Peterson will be allowed to testify as to the updated lifecare plan, provided that the parties will meet and confer to discuss Defendant's objections to specific expenses set forth in the updated lifecare plan. If the parties are unable to agree on the expenses set forth in the plan, Defendant will be permitted to file a supplemental motion in limine regarding the updated life care plan by no later than Tuesday, November 12, 2019 at 5:00 p.m.[18]

---

[8] R. Doc. 59-2.
[9] *Id.* at 12.
[10] *Id.*
[11] R. Doc. 59.
[12] R. Doc. 66.
[13] R. Doc. 71.
[14] *Compare* R. Doc. 59-2 at 12 *with* R. Doc. 96-2 at 8.
[15] R. Doc. 96-2 at 8.
[16] R. Doc. 71.
[17] R. Doc. 93.
[18] *Id.* at 2.

On November 12, 2019, Defendant filed the instant Supplemental Motion *in Limine* to Exclude Evidence and Testimony Regarding Plaintiff's Lifecare Plan.[19] Plaintiff filed a response.[20] Defendant seeks to exclude Peterson's testimony concerning:

1) Plaintiff's need to take Trintellix for the rest of his life and the cost of this medication,[21]

2) Plaintiff's need for an "air compressor boot" and the cost of such a device,[22] and

3) Any additional recommendations for "potential cost projections" on the basis that "there is a possibility of additional services needed depending on Mr. Bergeron's level of recovery."[23]

## **LAW AND ANALYSIS**

### I. "Air Compressor Boot" and "Potential Cost Projections"

Plaintiff has agreed to remove the cost of the "air compressor boot" from the lifecare plan.[24] Plaintiff also has agreed not to include any "potential cost projections" in "the life care plan numbers at trial (and will only seek medical treatment that meets the preponderance of threshold at trial[)]."[25] Accordingly, Defendant's motion *in limine* with respect to the "air compressor boot" and any "potential cost projections" included in Peterson's lifecare plan is hereby **GRANTED**, with Plaintiff's consent.

### II. Trintellix

"[T]his Court allows life care planners to testify as to future healthcare needs, predicated upon the testimony of treating physicians as to the reasonable need for such care, and the cost of such care."[26] In this case, Plaintiff's lifecare planner's Trintellix

---

[19] R. Doc. 96.
[20] R. Doc. 100.
[21] R. Doc. 96-1 at 3.
[22] R. Doc. 96-1 at 5.
[23] *Id.* (citing R. Doc. 96-2 (Peterson's Lifecare Plan)).
[24] R. Doc. 100 at 1.
[25] *Id.*
[26] *Snider v. New Hampshire Ins. Co.*, Civil Action No. 14-2132, 2016 WL 3193473, at *2 (E.D. La. June 9, 2016).

3

testimony is predicated on the recommendation of Plaintiff's treating physician, Dr. Hayes. In a report dated May 20, 2019, Dr. Hayes describes his May 17, 2019 visit with Plaintiff and recommends substituting Trintellix for the drug Plaintiff was prescribed at the time, Cymbalta.[27] Notably, Dr. Hayes explains the substitution was necessary because treatment via Cymbalta resulted in "incomplete efficacy."[28] Plaintiff represents Defendant received a copy of Dr. Hayes' May 20, 2019 report by no later than June 21, 2019, roughly two months before Dr. Hayes' deposition, and Defendant does not dispute this fact. Defendant maintains "Dr. Hayes never testified about Plaintiff's need for Trintellix for the rest of his life" at his deposition,[29] but, in actuality, Defendant did not ask Dr. Hayes about his prescribing of Trintillex during Dr. Hayes' deposition.

Defendant's motion *in limine* with respect to the Trintillex recommendation in the lifecare plan is **DENIED.** Peterson will be allowed to testify about Plaintiff's need for Trintillex, in what dosages, over what period of time, and the cost of this medication. Provided, as the Court has already instructed the parties, Peterson will be allowed to testify (1) only after Plaintiff's healthcare providers have testified and (2) only insofar as Plaintiff's healthcare providers have testified it is more probable than not that the Trintillex expenses are medically necessary and will be incurred.

Plaintiff shall make Dr. Patrick Hayes available for re-deposition before the trial, if Defendant wishes to re-depose him.

**New Orleans, Louisiana, this 26th day of November, 2019.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 100-1 at 8.
[28] *Id.*
[29] *Id.*

4